MARCHMAN *vs.* ROBERTSON, TAYLOR & COMPANY.

In answer to a rule *nisi* to foreclose a mortgage on realty, the defendant pleaded that she was only a security on the note, to secure which the mortgage was given; that she was induced to sign such note by the false and fraudulent representations of the plaintiffs, through their agent, that they would furnish the principal with a certain fertilizer to sell in a stated territory traversed by certain railroads in this state; that the principal had placed two hundred and fifty tons of the fertilizer, but the mortgagees had failed and refused to furnish him therewith; and that, if they had done so, he would have been enabled to have paid the note and saved her harmless:

*Held*, that this answer set out conduct on the part of the mortgagees which was calculated to injure the surety, increase her risk or expose her to greater liability, and which would, therefore, discharge her; and it was error to strike the answer on demurrer.

(a.) If the defendant was induced to become surety for the principal

by the false and fraudulent representations of the plaintiffs, this was a fraud which would avoid her contract of suretyship.

March 30, 1886.

Principal and Surety. Fraud. Before Judge CARS-WELL. Jefferson Superior Court. November Term, 1885.

Reported in the decision.

F. H. SAFFOLD; GAMBLE & HUNTER, for plaintiff in error.

W. L. PHILLIPS, for defendants.

BLANDFORD, Justice.

The defendants in error sought to foreclose a mortgage on the lands of plaintiff in error. She appeared and answered the rule *nisi*, and in her answer alleged that she was only a security on the note which the mortgage was given to secure, for one. Cook, who was principal in the note; and that she was induced to sign said note by reason of the false and fraudulent representations of the defendants in error, by their accredited agent, that they would furnish Cook with a certain fertilizer to sell in certain territory covered by certain railroads in this state; that Cook had placed two hundred and fifty tons of this fertilizer, but that the mortgagees had failed and refused to furnish Cook with the same, which, if they had done, he would have been enabled to have paid the note and saved her harmless. Upon demurrer, the court struck this answer, and the plaintiff in error excepted to this ruling, and the same is assigned here as error.

Was the conduct of the defendants in error, as set forth in the answer, calculated to injure the surety or increase her risk, or does it expose her to greater liability? If so, it will discharge her as such surety. Code, §2154.

If the allegations contained in the answer are true, and they are to be taken as true by the demurrer, the failure of the payees in the note to furnish Cook with fertilizers

deprived him of the means whereby he coulu have paid the note. This exposed Mrs. Marchman to greater liability, and increased her risk, and, under the Code, she was thereby discharged as surety. This is not an attempt to add to, contradict or vary a written contract, but merely to show acts and conduct on the part of the payees which increased the risk of the surety, and which exposed her to greater liability, or to show fraud, by which she was induced to become surety.

If she was induced to become surety for Cook by the false and fraudulent representations (as she alleges) of the defendants in error, then this was a fraud upon her and makes void her contract of suretyship, for fraud vitiates all contracts. In any view which we can take of the answer, we think the court erred in sustaining the demurrer. thereto and striking the same.

Judgment reversed.