## FORD & COMPANY *v.* STEWART-MOREHEAD COMPANY.

1. Grounds of a motion for a new trial relating to the admission of documentary evidence are ineffectual to raise the question of whether it was error to admit such documents, where they are not set forth in the grounds of the motion, either literally or in substance.

2. The other rulings upon the evidence, in view of the entire record in the case, afford no ground for a new trial.

3. While certain of the charges of the court were not entirely accurate, these inaccuracies, in view of the evidence, were not of such a character as to constitute ground for the grant of a new trial. There was sufficient evidence to uphold the verdict, except as to the amount of $83.84, the amount recovered on account of shortage in weight of the cotton, which the plaintiff is given the privilege of writing off, and thereby averting a new trial.

SEPTEMBER 12, 1916.

Assumpsit. Before Judge Mathews. Bibb superior court. April 23, 1915.

*Hardeman, Jones, Park & Johnston,* for plaintiffs in error.

*John R. L. Smith,* contra.

BECK, J. Plaintiff brought assumpsit for the recovery of alleged losses due to differences in grade and weight of 400 bales of cotton purchased by plaintiff for export. The petition contained two counts; one based upon the finding and determination of the Board of Arbitration of the Bremen Cotton Exchange as to the grade of the cotton, according to which the cotton was of a lower grade than that agreed upon between purchaser and sellers, in consequence of which the cotton actually delivered was of less value by the sum of $1308.41 than it would have been worth had it been of the grade and class contemplated in the agreement, it being alleged that the cotton purchased was to be of the grade known as "Low Middling Tinges," whereas as a matter of fact it was of a lower grade; and it was alleged further that there was a shortage in weight, in consequence of which the plaintiff had paid the defendant $83.84 too much. In the second count the same difference in grade and value was alleged, and the same shortage in weight, without reference to the finding of the Board of Arbitration. The jury, under the charge of the court, returned a verdict for the plaintiff. The defendants made a motion for a new trial, which was overruled.

1. In the motion for a new trial there were grounds complaining of the admission of documentary evidence, where the assignments of error are clearly insufficient under the several rulings of this court, because they do not set forth, either literally or in substance, the documents which they claim were admitted over objection. One of these grounds relates to certain arbitration certificates issued by the Bremen Cotton Exchange. Another relates to "what purported to be copies of claims in favor of Stewart-Morehead Company [the plaintiff] v. B. B. Ford & Company

[the defendants] for arbitration allowances on the four hundred bales of cotton shipped, and sundry invoices for the amounts claimed on account of these alleged arbitration allowances, and for loss in weight on the cotton." And a third ground relates to the admission in evidence, over-movants' objection, of "what purported to be a letter-press copy of weights on the four hundred bales of cotton at Genoa, said copies purporting to come from the office of F. Eggman at Genoa on July 7th and 8th, and giving the detail weights of the four lots of cotton, the copy signatures on the press copies being illegible, and, as movants contend, not being proven in any way." There were certain other exceptions to the exclusion and admission of evidence, but the exceptions were without merit when considered in connection with the entire record in the case.

2. There was much evidence introduced at the trial as to the negotiations leading up to the sale of the cotton by the defendants to the plaintiff, and as to the understanding of the parties as to the grade of this cotton, which preceded the signing of what was called the contract and the "sales notes," for the purpose of enabling the court and jury to determine what was the final contract between the parties; that is, whether it called for cotton of a grade known as "Low Middling Tinges," as the plaintiff in the petition contended it did, or whether the purchase was of cotton of the grade "Low Middling Tinges, Bluish Caste (or color)." However conflicting and contradictory this testimony may be, it is clear that the final agreement in regard to this cotton was that it was to be "Low Middling Tinges;" because, when the vendors shipped the cotton on an order-notify bill of lading, under which arrangement the purchaser had to pay for the cotton before it could get the bill of lading, there was written on the invoice first sent the words, "bluish caste," and the purchaser refused to pay the draft on that invoice, and sent a telegram to the defendants, informing them that as to the invoice marked "bluish color" the purchaser would have to have authority to cancel this or it could not pay the draft, and the vendors, the defendants in the suit, wired in answer, "Cancel word bluish if you wish cotton shipped properly (?) as sold," and thereupon the plaintiff wired, "Yours send corrected invoice and will pay draft to-morrow." The invoice was corrected by the defendants in accordance with these telegrams, and the draft was then paid. We are of the opinion

that this gave the final form to the contract. In view of this ruling, it is unnecessary to pass upon the exceptions to the charge in detail. The court was authorized to tell the jury that the cotton purchased was of the grade known as "Low Middling Tinges." That being true, the finding of the board of arbitration of the Bremen Cotton Exchange was authorized, whereunder the plaintiff recovered $1308.41 on account of the fact that the cotton was of a lower grade than that purchased.

But we do not find any evidence authorizing a finding that the cotton was short in weight to an extent authorizing the jury to find that the plaintiff was entitled to recover the amount awarded on this account. Consequently a new trial must be granted, unless the plaintiff will, within twenty days after the remittitur from this court is made the judgment of the court below, write off from the verdict the amount of $83.84.

*Judgment affirmed, on condition. By five Justices, all concurring.*