### 9612. LYNCHBURG SHOE COMPANY *v.* DANIEL.

JENKINS, J. 1. As between the original parties, the consideration of a contract is ordinarily open to inquiry for the purpose of showing either that the consideration was originally illegal, and for this reason the promise so predicated was void, or that the consideration has subsequently failed in whole or in part, so as no longer to support the promise as made. If such be the real purport and intent of the plea, there results no infringement of the rule which forbids the variance by parol of the expressed terms of a written instrument. It is only when a defendant, under the guise of seeking to inquire into the consideration, is in fact using such privilege merely as a pretext, for the purpose of varying the written terms of the promise itself, that the inhibition of the parol evidence rule becomes applicable. *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217).

2. Thus, in a suit against a surety on a promissory note, his plea setting up that he was induced to sign the note by the false and fraudulent representations of the plaintiff's agent that in consideration of the defendant signing as surety, the plaintiff would proceed to furnish to the principal (a mercantile business) additional goods in a named amount, which promise the plaintiff had failed and refused to perform, and which failure resulted in injury and increased the risk and hazard to defendant, was not subject to general demurrer. *Marchman* v. *Robertson,* 77 *Ga.* 40. What was said by this court in the case of *McKee* v. *Hurst,* 21 *Ga. App.* 571 (94 S. E. 886), is not in conflict with the holding here made, since that ruling was based upon the idea that the surety, in subsequently renewing the notes, waived any such defense, he being estopped by reason of his knowledge then had of the facts, or by his negligence in failing to know them.

3. There was evidence sustaining the defendant's plea, and the judgment of the trial court, overruling the motion for a new trial, can not be disturbed on the theory that the verdict was contrary to the evidence.

         *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

         DECIDED JANUARY 14, 1919.

Complaint; from city court of Morgan—W. H. Gurr, judge pro has vice. February 18, 1918.

*Erle B. Askew, J. L. Dowling,* for plaintiff.

*E. L. Smith,* for defendant.