## 9993. LOVETT *et al. v.* GASKINS.

1. Under the evidence in this case the court, in charging the jury as to the contentions of the defendants, did not err in failing to cover the contentions made in the amended plea of the defendant Rowan.

2. "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by the witness by a previous contradictory statement: provided, that in the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party, or any one for whose immediate benefit such suit is prosecuted or defended, a witness, with the privilege of subjecting such witness to a thorough and shifting examination, and with the further privilege of impeachment, as though the witness had testified in his own behalf, and was being cross-examined." Civil Code (1910), § 5879. The contention made in the first special ground of the motion for a new trial, to the effect that the plaintiff was bound by the testimony of the defendant Rowan, who was introduced by him as a witness, is therefore without merit.

3. There is nothing in the excerpt from the charge of the court as set out in the third special ground of the motion for a new trial which could in any way be taken or construed as an expression of opinion as to what had or had not been proved in regard to any material issue in controversy.

4. Ground 4 is but an amplification of the general grounds of the motion for a new trial, and as the verdict was not without evidence to support it, the verdict can not be disturbed for the reason there assigned.

                    DECIDED APRIL 19, 1919.

Complaint; from city court of Nashville—Judge Christian. July 13, 1918.

This was a suit by Gaskins against Lovett, Gary, and Rowan on an unconditional joint and several promissory note of Lovett and Gary as principals, and Rowan as surety. There was a verdict and judgment in favor of the plaintiff.

The three defendants joined in a plea under oath, setting up in substance that prior to the date of the note sued on the plaintiff loaned to one Anderson a sum of money on the indorsement of Gary and Lovett as sureties, and that after the maturity of the original note and prior to the execution of the note sued on the plaintiff proposed to Lovett that if Lovett would procure an additional indorser or surety, he, Gaskins, would see Gary and through him obtain another surety in addition to Gary's new indorsement, after which the original past-due Anderson note would be surrendered, and the new note as signed by the two old sureties together with such two new sureties, and with an extension of payment, would be then taken in lieu of the old one; that in accordance with this proposal Lovett procured the name of Rowan on the note sued on, and, after signing it himself, turned it over to the plaintiff for the purpose of getting it signed by Gary and the additional surety whom, under the proposal, the plaintiff was to obtain before it should be taken and held in substitution of the original obligation. Rowan filed an additional defense by amendment under oath, to the effect that the note was signed by him at the request of Lovett, not for the purpose of being taken in substitution of the original note, but merely to be held by the plaintiff as a pledge or indemnity, in order that Lovett might obtain from him the original Anderson note for the purpose of collecting it out of certain property belonging to Anderson; that it was his understanding with Lovett that there was never to be any liability on the note signed by him, unless loss should result

to the plaintiff by reason of such surrender of the original Anderson note to Lovett, and that this understanding was known to the plaintiff when the note signed by Rowan was delivered. The evidence, however, fails to disclose that the plaintiff had knowledge of any such understanding by Rowan. While in the amended plea of Rowan it is alleged that the note was signed by him in blank, at the instance of Lovett, it is not contended, either in his plea or in his testimony, that the note was not filled out and completed in the precise manner and form contemplated. The allegations of the original plea were, under the evidence submitted, disputed issues of fact, the plaintiff testifying that he had agreed to accept and that he did accept the note sued on, just as executed by the three defendants, in lieu of the principal sum owing on the original note; and that while he still held and retained the original note, it was only because the original sureties had failed in their agreement to pay the accrued interest on the old note when the new note was accepted, and that the old note was thus held solely as a claim for such unpaid interest not included in the new note.

R. A. Hendricks, for plaintiff in error. W. R. Smith, contra.

JENKINS, J. (After stating the foregoing facts.) The second special ground of the motion for a new trial is as follows: "The witness W. J. Rowan testified that he signed a blank note, there being no amount in the note and no payee. The purpose of this note was to act as a bond or security until the note signed by J. H. Anderson, J. D. Lovett, and J. H. Gary could be sued to judgment and made out of the property of J. R. Anderson. The court charged, 'The defendants come into court and set up that they are not indebted to J. G. Gaskins on this note, and set out their reasons at length why they are not indebted. Briefly stated they are as follows: they contend that at the time they signed this note as sued upon, that there was an agreement between Mr. J. D. Lovett and Mr. J. G. Gaskins, the plaintiff, that they were not to give this note with the signature of W. J. Rowan as security and it was not to be delivered to Mr. Gaskins until he had secured the signature of Mr. J. H. Gary, and some other good and solvent security, to secure his part of the note. These are the issues, briefly stated, that you will be called upon to determine in the case.' This charge of the court eliminated the contention of the defendant W. J. Rowan as set forth in paragraphs 2 and 3 of

his answer, as follows: '2. Sometime prior to the date alleged in the note sued upon, J. D. Lovett asked defendant to sign a blank note, there being no amount in the note, no date, no payee, and no time of payment, which note was to be used for this specific purpose: Said Lovett represented to defendant that the plaintiff held a note signed by J. R. Anderson as principal, J. H. Gary and J. D. Lovett, security; that said Gaskins had declined to permit said Lovett the use of the note for collecting the same out of J. H. Anderson, who at that time, and as represented by said Lovett, had lands and other property out of which the note could be made. Said Lovett represented that it would be necessary for him to place a note as a receipt, or to indemnify Gaskins against the failure of the said Lovett to return the above-described note. This defendant signed the note for this specific purpose only, the note not being given with the intention of the same to be used or made as a negotiable instrument, but was only executed with the distinct understanding that it would be held by J. G. Gaskins in trust, as a receipt or showing for the original note, until said Lovett could take legal proceedings on the original note, collect the same, and save himself from loss by reason of his suretyship on the said Anderson note. 3. The note sued upon was never intended to be given in payment or settlement or renewal of the J. R. Anderson note. The same was never so delivered. All of the above facts were known to the plaintiff at the time the said note was filled out and signed by J. D. Lovett and J. H. Gary and delivered, all of which transaction took place out of the presence and without knowledge, consent or approval of this defendant. That this defendant did not sign said note as an instrument payable to the said J. G. Gaskins with the said J. D. Lovett and J. H. Gary, neither would he have done so.' The charge did not state in full the contention of all the defendants, it restricted the jury in their deliberation to only a part of the defense, and to that part set up by J. D. Lovett and J. H. Gary, and prevented the jury from considering the defense of W. J. Rowan."

As has already been stated, while the defendant Rowan sets forth in his amended plea and shows by his testimony that the note was signed by him in blank, still it is in nowise disputed that prior to its delivery by Lovett to the plaintiff the note was filled out and completed in the precise form intended by Rowan. His

contention is that the charge of the court, in excluding his special and independent defense as set up under his amended plea, brings the case within the rule recently announced by this court in *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217) ; and he further contends that the principle of law embodied in section 4537 of the Civil Code (1910), that "when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss," does not have present application, for the reason that the plaintiff admits that he still has actual possession of the original note, although for the particular purpose indicated by him. The reasoning of the *Rheney* case, as subsequently set forth in *Lynchburg Shoe Co.* v. *Daniel,* 23 *Ga. App.* 186 (98 S. E. 107), is to the effect that "As between the original parties, the consideration of a contract is ordinarily open to inquiry for the purpose of showing either that the consideration was originally illegal, and for this reason the promise so predicated was void, or that the consideration has subsequently failed in whole or in part, so as no longer to support the promise as made. If such be the real purport and intent of the plea, there results no infringement of the rule which forbids the variance by parol of the expressed terms of a written instrument. It is only when a defendant, under the guise of seeking to inquire into the consideration, is in fact using such privilege merely as a pretext, for the purpose of varying the written terms of the promise itself, that the inhibition of the parol evidence rule becomes applicable." In the special concurrence in the *Rheney* case it was said: "In the present case, if the plea sought to be established did not show that the note sued on was, as between the parties, without any consideration, and if, in order to escape liability, it was necessary to go further and attack the terms of the promise itself, then, under the plain authority of these precedents, she [the defendant] would be precluded. If the consideration is good, the promise must be enforced as it is expressed ; while, on the other hand, if the contract be without consideration, it matters not how absolute the admitted promise may be; as a nudum pactum it cannot avail. The defense which is claimed in this case is not dependent upon an unauthorized attack upon the terms of an absolute and unambiguous promise; but the purport of the plea is that, while admitting the promise, it is nevertheless void, since, as between

the parties, it is without the support of any valid consideration."

In the instant case the jury by its verdict has found against the defense made by each of the three defendants under the original plea. The jury has found in favor of the plaintiff's contention that the new note as executed by the three defendants was accepted by him in good faith and in accordance with his agreement in lieu of the principal sum claimed by him under the original note. The evidence adduced by the defendant Rowan in support of his amended plea does not in any way deny that the plaintiff on his part in good faith accepted the new note according to its actual tenor and effect, and in lieu of the old note as testified to by him. There is no sort of effort on Rowan's part to show that the alleged understanding had by him with Lovett at the time he signed the note, and which was contrary to the unconditional terms of the instrument, ever became known to the plaintiff. The special amended plea of Rowan merely seeks to alter by parol the written terms of his unconditional promise to pay, and to set up an agreement, contrary to the writing as made, with a person other than the payee, and of which contrary agreement the payee is not shown to have had knowledge. Since he does not undertake to deny that under the instrument sued on a good and valid consideration in good faith flowed from the plaintiff, the promise itself must stand as it is written. It is not the actual consideration parted with in good faith by the payee which the defendant Rowan by his evidence seeks to attack—this is not denied; but under the guise of setting up a different consideration from the one actually flowing from the payee, he seeks to alter the terms of the instrument by rendering conditional his written and unconditional promise. If for any reason this defendant was led by another person, not the opposite party, into signing an agreement with the understanding that the consideration was a different one from that which actually obtained, and such a one as might render inoperative and thus alter the unconditional terms of the written agreement, he would at least have to show that the payee of the obligation was a party to such understanding, in order to avail himself of such a defense.

Nor do we think that the principle of law referred to as embodied in section 4537 of the Civil Code (1910) is irrelevant to this case. When the plaintiff, in accordance with the agreement, actually received and accepted the new note in lieu of the principal

sum claimed under the .original note, thereby releasing Anderson and extending the time of payment, the mere fact that he may have retained possession of the old note solely because the sureties then failed to pay up the interest due thereon, as it is admitted they were to do, would not affect the plaintiff's title to the new note, or operate to retain him the title to the principal sum called for under the old note. When, under the agreement, the substitution was effected, he surrendered his demand against Anderson and accepted in lieu thereof the liability of Rowan under the new extended promise. It might well be that in the interval covered by the extension his power to collect from Anderson could have been lost, even were it possible on his part to reassume his claim against a debtor who had been thus released.

We are therefore of the opinion that the evidence submitted in support of the amended plea completely failed to substantiate any ground of valid defense, and the judge did not err in failing to cover by his charge the contention set up by the amended plea. See also *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464 (65 S. E. 315); *Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138, 140 (33 S. E. 945).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*