CAGLE *et al. v.* BELL *et al.*

BELL, Justice. 1. A ground of a motion for new trial alleging error in an instruction to the jury, but failing to set forth, either literally or in substance, the language complained of, does not present any question for decision as to error in the charge of the court. *Page* v. *Brown,* 192 *Ga.* 398, 400 (5) (15 S. E. 2d, 506).

2. Aside from two insufficient assignments of error on the charge of the court, as described above, the allegations in the amendment to the motion for a new trial were mere elaborations of the general grounds as contained in the original motion, and therefore the question as to correctness of the judgment refusing a new trial will be determined solely upon a consideration of such general grounds. *Peagler* v. *Huey,* 183 *Ga.* 677 (6) (188 S. E. 906); *Lovett* v. *Gaskins,* 23 *Ga. App.* 623 (4) (99 S. E. 156).

3. Under the pleadings and the evidence, and the stipulation as to the issues to be tried, to wit, that the plaintiffs own no part of lot 99, and the defendants own no part of lots 101 and 102, and that "the sole issue in the case on trial is the true boundary between lot 99 and lots 101 and 102," the defendants could not be harmed by the verdict for the plaintiffs fixing the Browning's Ferry Road as the true boundary line, unless the line as thus fixed would encroach upon lot 99; and the evidence was sufficient to authorize a finding that all of Browning's Ferry Road, as described in the plaintiffs' amendment, was actually within lots 101 and 102, and did not encroach upon any part of lot 99 lying adjacent to said lots 101 and 102 on the northeast.

(*a*) Even if the evidence for the plaintiffs may not have been sufficient to show that the true original line coincided with Browning's Ferry Road, or to show its *definite* location elsewhere, yet from the evidence as a whole the jury were authorized to find that such line was situated somewhere near this road, but on the northeast side of it; and hence that the plaintiffs—in alleging that said line follows the road but, should

said line leave said road to the north, the plaintiffs relinquish all claim to the land lying north of said road, and in thus seeking in effect to have the road established as the true line—did not claim all the land to which they might otherwise have been entitled in lots 101 and 102. Compare *Roberts* v. *Ivey*, 63 *Ga.* 622; *Cooper* v. *Bowen*, 140 *Ga.* 45 (3) (78 S. E. 413); *Lokey* v. *Malcolm*, 53 *Ga. App.* 434 (2) (186 S. E. 448).

4. Under the preceding rulings, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15889. SEPTEMBER 6, 1947.

*John L. Perkins,* for plaintiffs in error. *Joe K. Telford,* contra.