## 43679. PERLIS et al. v. HORNE.

EBERHARDT, Judge. Robert D. Horne, an attorney, brought suit on March 29, 1967 against I. Perlis et al., for the reasonable value of his services to them from June 15, 1960 to April 29, 1963 in the acquisition of lands—negotiating for the purchase of the several tracts, examining titles, preparation of contracts, deeds and leases in connection with the construction and opening of a shopping center, alleging the value of the services to have been $11,932.21, and the balance due, after crediting payments, to be $9,432.21. Demurrers to the petition, renewed after amendment, were overruled, and on trial before a jury a verdict was returned for the plaintiff for the amount claimed. Defendants except to the overruling of their demurrers, to portions of the charge and to the judgment on the verdict. *Held:*

1. Exceptions are to demurrers directed to the complaint as a misjoinder in that plaintiff sought to recover on one count on an express contract and upon quantum meruit. Although it was alleged that plaintiff did contract with the defendants to do the proposed work, it was not alleged that there was any agreement as to either the extent or amount of the work to be done or the amount of the fee to be charged. Plaintiff alleges that he rendered services, which defendants accepted, and that the services had a reasonable value of a specified amount. We find no misjoinder in this. See *Code* § 3-107, and see *Code Ann.* §§ 81A-107 (c), 81A-118.

2. There was exception before verdict to a portion of the charge that "In all civil cases, such as this, a preponderance of the *testimony* is considered sufficient to produce mental conviction," upon the ground that it was conflicting with portions of the charge defining preponderance of the evidence and thus misleading and confusing to the jury. The exception is without merit. *W. T. Rawleigh Co. v. Kelly,* 78 Ga. App. 10, 16 (50 SE2d 113). This was "A verbal inaccuracy in the charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury." *Southern R. Co. v. Merritt,* 120 Ga. 409 (1) (47 SE 908). Cf. *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 198 (7) (63 SE 834); *Miller v. State,* 176 Ga. 825 (5) (169 SE 33); *Cochran v. State,* 9 Ga. App. 824 (2) (72 SE 281); *Neville v. National Life &c. Ins. Co.,* 36 Ga. App. 8 (1a) (135 SE 315); *City Ice Delivery Co. v. Turley,* 44 Ga. App. 32, 36 (3) (160 SE 517); *Brooks v. Carver,* 55 Ga. App. 362, 363 (4) (190 SE 389); *Radney v. Levine,* 75 Ga. App. 137, 141 (42 SE2d 644). The Supreme Court has held that the word "testimony" as used and found in the Constitution embraces all kinds of evidence (*Aldrich v. State,* 220 Ga. 132, 134 (137 SE2d 463), and it may reasonably be concluded that it has the same connotation in the context here. But, if not, there was sufficient evidence to support the verdict and the inaccuracy was not of such a character as to require a new trial. *Ford & Co. v. Stewart-Morehead Co.,* 145 Ga. 802 (3) (89 SE 834).

3. There was timely exception to a charge that the plaintiff "cannot recover for any work or services valuable to and accepted by defendants, claimed to have been done by plaintiff more than four years before the filing of his petition in this case, unless you find such work or service was a continuous and continuing service," upon the ground that the court did not in that connection further charge that the jury must also find that the continuous and continuing service was rendered toward the accomplishment of a particular object. While it would not have been error to give the additional charge which counsel suggested, we find no harmful error in the refusal to do so. The charge given was substantially the same as that which was approved in *City of Summerville v. Sellers,* 94 Ga. App. 152, 162 (13) (94 SE2d 69). Cf. *Neal v. Stapleton,* 203 Ga. 236, 244 (3) (46 SE2d 130). Moreover, the evidence was overwhelming that the services for which

recovery was sought were rendered assisting the defendants in the accomplishment of their objective—the construction and opening of a shopping center.

4. The evidence amply supported the verdict.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED JUNE 3, 1968—DECIDED OCTOBER 11, 1968.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.,* for appellant.

*Wright & Reddick, George P. Wright, Davis & Friedin, Roy B. Friedin,* for appellee.

