A91A0853. MORRIS v. COWART.
(411 SE2d 81)

McMURRAY, Presiding Judge.

Appellant Arthur D. Morris conveyed a tract of land in Walton County to appellee Brenda H. Cowart on September 15, 1986, for a purchase price of $50,000. The sales contract, prepared by Gary L. Lemonds for the Lemonds Land Company, Inc., provided that $10,000 was to be paid down at closing and the remainder to be financed by the seller. The property included a partially completed house and another finished "small blue house" which appellee wanted to rent to tenants. In November 1986 appellee learned that Walton County officials would not allow the small house to be used as a dwelling because it was built without a permit and was not up to code standards. Appellee Brenda H. Cowart filed the instant action in December 1986 against appellant Arthur D. Morris and against Lemonds Land Company, Inc., broker Gary L. Lemonds and sales agent Bonnie M. Garrett, seeking rescission of the contract and damages for fraud and breach of warranty. Immediately prior to trial on April 2, 1990, appellee entered into a settlement agreement with Lemonds Land Company, Inc., and Gary L. Lemonds for the amount of $3,500, and the suit against them was dismissed with prejudice. The case proceeded to trial against appellant Morris and Bonnie M. Garrett and the jury returned a verdict against them in the amount of $10,000, rescinding the contract of sale. No interest, attorney fees or punitive damages were awarded. Appellant Morris enumerates as error the suf-

ficiency of the evidence; the denial of his motions for directed verdict; improper instruction to the jury over objection; and the trial court's refusal to reduce the verdict by the sum of $3,500. *Held*:

1. Appellant argues that the evidence was insufficient to support the jury's verdict in favor of appellee Cowart on her claim for rescission of the sales contract based upon the fraud of the defendants because there was no showing that she exercised ordinary diligence to discover that the little blue house did not comply with building codes and thus could not be rented. We do not agree. " 'As was pointed out by this court in *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141) (affirmed 239 Ga. 31 (235 SE2d 532)), fraud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. Traditionally, the rule of caveat emptor had applied and the sales contract merged into the warranty deed and foreclosed any right of remedy by the purchaser after the closing of the contract by transfer of the deed. [Cit.] *Wilhite*, supra, changed the rule of caveat emptor and placed upon the builder-seller a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction. [Cit.]' *Mulkey v. Waggoner*, 177 Ga. App. 165, 166 (338 SE2d 755)." *Fincher v. Bergeron*, 193 Ga. App. 256, 258 (1) (387 SE2d 371).

The testimony here clearly showed that appellee wanted to purchase the property only if the small house could be rented to pay for finishing the larger house, and that both appellant and Bonnie M. Garrett knew this. Prior to the sale, appellant showed appellee the blue house, which was then carpeted, furnished and occupied by tenants, and agreed to include all the furniture and appliances in the purchase price. After appellee was forced to evict her tenants because the building code violations required the house to be rebuilt or demolished, she told both appellant and Gary L. Lemonds that she wanted to rescind the contract and have her down payment returned. Questions of reliance on an alleged fraudulent misrepresentation in rescission cases must be determined as a question of fact by the jury. *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883, 885 (2) (354 SE2d 210). The evidence was sufficient for the jury to conclude that appellant had "passively concealed" the defective condition of the prospective rental property so as to permit appellee to rescind the sales contract.

2. Appellant further asserts that appellee made no offer to restore the property upon discovery of the alleged fraud as required by

OCGA § 13-4-60. "In order to rescind a contract and sue for restitution, a plaintiff must first restore or make a bona fide effort to restore to the other party whatever benefits he has received from the transaction. [Cits.]" *Graham v. Cook*, 179 Ga. App. 603, 604 (1) (347 SE2d 623). " 'If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it. Otherwise he can not avoid or rescind such contract.' [Cit.]" *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 142 (384 SE2d 235). However, this rule " 'is one of *justice and equity* . . . and must be reasonably construed and applied. The object of the rule is theoretically to place the parties in *statu quo*; but the rule is equitable, not technical, and does not require more than that such restoration be made as is reasonably possible and such as the *merits of the case demand.*' [Emphasis in opinion.] [Cit.]" *International Software &c. v. Atlanta Pressure Treated Lbr. Co.*, 194 Ga. App. 441, 442 (390 SE2d 659).

Since "the rescission statute and the cases [cit.] do not require actual restoration but only a tender . . . *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 23 (2), 24 (363 SE2d 265), we conclude that appellee exhibited adequate compliance with the tender rule as "reasonably construed and applied." See *Roller-Ice v. Skating Clubs of Ga.*, supra. She testified at trial that she asked appellant to "rescind the deal" and return her money because the property was of no use to her unless she could rent it. She explained that what "to rescind the deal" meant to her was "to give me my money back and tear up the contract"; and that the property would go back to appellant. Thus, the offer as expressed was intended to restore the parties to the status quo. *International Software &c. v. Atlanta Pressure Treated Lbr. Co.*, supra. The jury was authorized to find that a rescission occurred, and the trial court did not err in denying appellant's motion for directed verdict. *Potomac Leasing Co. v. Thrasher*, supra; *Stolle Corp. v. McMahon*, 195 Ga. App. 270, 272 (3) (393 SE2d 52).

3. It follows that the trial court correctly gave the jury appellee's requested charge quoting the provisions of OCGA § 13-4-60 over appellant's objection.

4. Appellant contends the trial court erred in refusing to reduce the verdict by $3,500 to reflect the amount paid to appellee by the Lemonds defendants in consideration of their dismissal. Appellant points out that the jury did not know of the settlement agreement and argues that the trial court's failure to reform the verdict was contrary to the jury's "obvious" intent to return only the amount plaintiff paid out at closing.

"[A] person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." OCGA § 1-3-7. In the case sub judice, the order dis-

missing the Lemonds defendants is signed by appellant's attorney and appellant agreed therein "not to use the [$3,500] payment or dismissal as a defense against any liability in this action or as a defense against any judgment rendered in this case." This agreement resulted in a waiver of any right appellant may have had in using the $3,500 settlement amount to reform the verdict.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 12, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 — ▮▮▮▮▮▮

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*William L. Horton, Michael R. Jones, Sr.,* for appellee.
Bonnie Garrett, *pro se.*