A98A0188. ALI et al. v. FLEET FINANCE, INC. OF GEORGIA.
(500 SE2d 914)

Judge Harold R. Banke.

Claudette M. Ali and Dale R. Ali (collectively "Ali") asserted allegations of fraud, negligent misrepresentation, and, inter alia, violations of the Georgia RICO Statute against Fleet Finance, Inc. of Georgia ("Fleet") and James W. Cooke relating to their purchase of a house which had sustained undisclosed fire damage. Enumerating seven errors, Ali challenges the summary judgment granted to Fleet.

Cooke purchased the subject property from Fleet after it had been damaged by a fire. According to the terms of that sale, Fleet sold the property in an "as is" condition and subject to an escrow agreement requiring that Cooke use insurance proceeds to repair the property. After Cooke purportedly completed the repairs, he placed the house on the market for resale. Ali then purchased the house from Cooke pursuant to an "as is" sale agreement. Shortly after taking possession, Ali discovered structural damage to the beams, floors, and roof, as well as related electrical and plumbing problems allegedly stemming from fire damage. Ali claimed that Fleet, as the mortgage holder on the property when Cooke owned it, and as their lender, knew or should have known about the defects and failed to disclose these facts prior to the real estate closing. Fleet contended that it had no liability for Ali's tort claims because its sole involvement with Ali was as a lender after Ali assumed Cooke's existing loan. The trial court summarily disposed of all claims against Fleet. *Held*:

A review of the evidence in the record confirms that the trial court correctly determined that no genuine issue of material fact remains as to any of Ali's claims. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). The essential elements of fraud are: (1) wilful misrepresentation of a material fact; (2) made to induce another to act; (3) upon which such person acts to his injury. OCGA § 51-6-2 (a). The uncontroverted evidence shows that Fleet never made representations of any kind to Ali. Both Claudette Ali and Dale Ali admit in their respective depositions that neither of them ever spoke with any person from Fleet or had any contact whatsoever with Fleet prior to the sale. These admissions are fatal to their

claims for fraud and fraudulent concealment. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75-76 (441 SE2d 421) (1994); *Hanlon v. Thornton*, 218 Ga. App. 500, 502 (2) (462 SE2d 154) (1995) (fraudulent concealment requires proof of same elements as fraud). See *Morris v. Cowart*, 201 Ga. App. 288, 289 (1) (411 SE2d 81) (1991). Similarly, because Fleet did not make any representations, Ali cannot set forth the requisite elements of negligent misrepresentation. *Bates & Assoc. v. Romei*, 207 Ga. App. 81, 84-85 (5) (426 SE2d 919) (1993) (supplier of false information must be manifestly aware of and intend its use).

Even assuming for the sake of argument only that Fleet inspected the repairs and approved them, and further assuming that the repairs were negligently performed, Ali did not establish that a lender like Fleet owed a duty to disclose any known defects to them as purchasers. *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 198 (1) (C) (393 SE2d 44) (1990) (purchaser's recovery under passive concealment doctrine limited to residential builders and sellers). Compare *Jennings v. Smith*, 226 Ga. App. 765, 767-768 (2) (487 SE2d 362) (1997). Notwithstanding Ali's claim to the contrary, Fleet had no duty to disclose any material facts because as a general rule a creditor has no duty to determine or advise its debtor of the status of the collateral involved in the transaction. *First Fed. Savings Bank v. Hart*, 185 Ga. App. 304, 305 (1) (363 SE2d 832) (1987). Moreover, in light of the fact that Ali failed to offer any authority on which to premise the civil claims for theft by taking and theft by deception/conversion, or any evidence in support thereof, these claims cannot survive summary judgment.

Finally, a necessary predicate for any Georgia RICO claim is a pattern of racketeering activity which Ali neither alleged nor proved. OCGA § 16-14-4 (a). Notwithstanding Ali's argument to the contrary, the fact that Cooke owns over 100 properties for which Fleet has the first mortgage does not satisfy the requisite pattern of illegal activity. In the absence of any evidence of the requisite unlawful predicate acts, it necessarily follows that Ali's RICO claim against Fleet also must fail. *Emrich v. Winsor*, 198 Ga. App. 333 (401 SE2d 76) (1991). Having determined that Fleet was entitled to summary judgment, we need not reach Ali's remaining enumerations of error.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 2, 1998.

*Donald Ellis*, for appellants.

*McCullough & Payne, Michael D. Payne, John B. Mangrum*, for appellee.