ODOM *et al. v.* NEW ENGLAND MORTGAGE SECURITY CO.

1. A promissory note payable in the city of New York, with interest from its date at the rate of eight per cent. per annum, is open to attack for usury by proof that the law of New York limits the rate of interest to six per cent. per annum, and declares void all contracts in which any higher rate is stipulated or reserved.

2. In an action upon such a note as that referred to above, a plea of usury setting forth the statute of New York, the plea not being demurred to but allowed to stand for trial, is sufficient to admit in evidence that statute, whether the sum on which the usury was to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken or reserved, be set forth in the plea or not.

3. The fact that the note was secured by a deed of even date with itself, executed in Georgia and conveying land situate in Georgia, would not render the statute of New York inadmissible as evidence to support the plea. Some of the material facts which affirmatively appeared in other cases, such as *New England Co.* v. *McLaughlin,* 87 *Ga.* 1, and *Jackson* v. *American Co.*, 88 *Ga.* 756, are not disclosed by the record in this case.

April 10, 1893. Argued at the last term.

Before Judge MARTIN. Muscogee superior court. May term, 1892.

*Assumpsit* on a promissory note payable to Flint or order at the office of the Corbin Banking Company,

New York City, with interest at eight per cent. per annum, indorsed to the plaintiff. The defendants pleaded, besides the general issue, that the note was given to one Sherwood for money borrowed from him; that Sherwood exacted, retained and contracted to take interest at a rate greater than six per cent.; that the contract was to be executed in the State of New York, and by statute of that State the contract was void for usury, a copy of said statute being attached to the plea; "that he has paid to said plaintiff the sum of —— dollars upon said usurious and void contract," for which judgment is prayed; "that on the —— day of ——, 188—, he borrowed of the plaintiff aforesaid J. K. O. Sherwood the sum of —— dollars," and executed the note sued on, but Sherwood "kept back and retained unto himself the sum of —— dollars which this defendant avers is usury, and was and is a device upon the part of the said Sherwood to evade the usury laws of said State, in that the sum so exacted and retained exceeds in rate the sum of eight per centum per annum, and amounts to the rate of fifteen per cent. or some such sum upon the amount so borrowed."

In evidence appeared the note sued on, and a deed to land in Muscogee county, Georgia, to Flint, executed in that county, to secure the note, dated December 10, 1885; also a deed to the same land from Flint to the plaintiff, dated the same day. The defendants offered in evidence a duly certified copy of the statutes of the State of New York upon interest and usury, to which the plaintiff objected on the ground that the evidence was irrelevant, and that the defendants' pleas did not state the amount of interest charged. The objection was sustained, and the defendants assigned error.

Thornton & McMichael, for plaintiffs in error.

William E. Simmons and Little, Worrill & Little, contra.

BLECKLEY, Chief Justice.

When the statutes of the State of New York, by a duly certified copy, were offered in evidence to sustain the pleas of usury, two objections were made, one that the evidence was irrelevant, the other that the pleas did not state the amount of interest charged. On these objections the evidence was excluded.

1. The excluded evidence would have shown that by the law of New York the rate of interest is limited to six per cent. per annum, and that all contracts reserving or stipulating for a higher rate are void—void not only as to the usury but as to principal and interest also. The promissory note declared upon was payable to Flint, or order, at the office of the Corbin Banking Company, New York City, with interest at eight per cent. per annum. The general rule is that as to the rate of interest the law of the place of performance controls, unless the parties intended that the law of some other place should apply and contracted with reference to the latter. The question of intention is one of fact and as such is always open to investigation. Tried by the face of the note itself, the parties to this contract seem to have had in view the law of the State of New York as the one applicable to the payment of interest as well as to the payment of principal. If they did, they must have intended to violate that law, for they stipulated for a rate of interest which it forbids. The pleas of usury in the case are based upon this theory, and if, in point of fact, the parties contemplated the laws of New York and not the laws of Georgia or some other State or country as governing performance in respect to the rate of interest, the defence ought to prevail. It is perfectly competent for the plaintiff, by evidence in answer to the pleas, to show as matter of fact that the parties did not intend the law of New York to apply, but did intend some other law to have application as to the rate of interest.

This fact being shown, whether by direct or circumstantial evidence, the presumption arising upon the face of the instrument would be rebutted, and the law of New York would give place to the law of the State or country which the parties intended should apply. It is not alleged in the declaration, nor does it otherwise appear from any of the pleadings, where the note sued upon was executed. So far therefore as the pleadings are concerned, no place whatever is directly suggested as furnishing the law of the contract declared upon, except the State of New York. This being so, what room is there for doubt that the pleas of usury are good in substance as an answer to the declaration?

2. Neither of the pleas was demurred to, though one of them contains blanks which ought to be filled, and neither of them is sufficiently detailed and specific as to some particulars to render them good in any form as pleas of usury under the code, §3470(a). But as the statute of New York renders void the whole contract, and not merely a part of it as does our statute, the want of these particulars may be treated as defects of form, and the exclusion of the evidence because of them, the pleas being good in substance, was not authorized.

3. It seems that the parties went to trial upon the pleas, and the plaintiff below introduced in evidence the note sued on and a deed of even date therewith, executed in Georgia, conveying land situated in Georgia. This was all right, and perhaps from the note, if the place of execution appeared on its face, and the deed and its contents, the jury could have inferred that the parties had in view the law of Georgia and not the law of New York in fixing the rate of interest. But certainly this would not prevent the defendants below from introducing evidence to support their pleas. The plaintiff might answer the pleas by evidence already in as well as by more to come in, but that would not render the

statute of New York inadmissible as evidence to support the pleas. The admissibility of evidence to support a plea does not depend upon what evidence the. plaintiff introduces to overcome it. Until this plea is proved there is nothing to overcome. We rule nothing in this case which conflicts with *The New England Mortgage Security Company* v. *McLaughlin*, 87 *Ga.* 1, and *Jackson* v. *American Company*, 88 *Ga.* 756, or other like cases. Some of the material facts which affirmatively appeared in them, as matter of evidence, do not appear on the face of the pleadings in this case. And on the question of supporting the pleas by evidence we cannot look to what the plaintiff proved or could have proved, since to do this would be to rule out evidence offered by the one side because the other side had already answered it or else could answer it by other evidence. We need not say that this would be absurd, but it would certainly be very unsound practice.        *Judgment reversed.*