### 3460.     BRANCH *v.* JOHNSON.

POWELL, J.   1. The plaintiff's action was based upon a promissory note. The defendant pleaded that the note was given for the purchase-price of certain standing timber, and that, after only a part of the timber had been cut, the plaintiff sold the remaining timber to a third person for more than enough to pay the balance then due upon the note. On the trial it appeared that the plaintiff had sold the timber to the defendant, subject to the limitation that it was to be cut within two years; the cutting began but was discontinued; the plaintiff in parol agreed that he would not insist upon the two years limitation, and that the defendant might have a longer time in which to cut it, but no definite period was named. After the lapse of seven years (i. e. five years from the time the original lease expired), the defendant having made no further effort to cut the timber, the plaintiff sold it along with the timber on certain other lands, for a gross sum. *Held:*

(a) Even if the parol agreement made during the time set in the original contract was legally enforceable, it had the effect of extending only for a reasonable time the defendant's right to cut the timber.

(b) In determining what would be a reasonable time to allow as to this extension, the duration of the original lease must be considered, and, as the original lease ran for only two years, it would be unreasonable to construe the parol agreement as extending it for five years more.

(c) The defendant's title to the timber had reverted to the plaintiff before the latter resold it.

(d) Even if this were not true, the burden was upon the defendant of furnishing to the jury the data upon which a just abatement of the purchase-price could reasonably be estimated, and the proof is not sufficiently specific in this respect.

(e) The court did not err in directing a verdict for the plaintiff.

2. One paragraph of the plaintiff's petition alleged the giving of the statutory notice for the purpose of collecting the attorney's fees stipulated for in the note, and a copy of the notice was set out. The defendant answered equivocally, alleging that for lack of sufficient information, based upon lack of recollection, he could neither admit nor deny this paragraph of the petition. *Held*, that the fact whether the notice was or was not personally served upon the defendant was a matter with which he was charged with knowledge, and that, as he failed to deny it, the court properly construed his answer as admitting it.

*Judgment affirmed.*

DECIDED SEPTEMBER 11, 1911.

Complaint; from city court of Baxley—Judge Sellers.   February 9, 1911.

*W. W. Bennett,* for plaintiff in error.

*Parker & Highsmith,* contra.