### 11009.   BALL *v.* FOUNDATION COMPANY.

JENKINS, P. J.   1. While it is true that where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, a modification, by way of a quasi new agreement, will be implied (Civil Code (1910), § 4227), still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement, whereby new, distinct, and definite terms are supplied in lieu of those provided for by the original contract. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695.

2. Construing the allegations of the petition, together with the proposed amendment, more strictly against the pleader, it cannot be ascertained therefrom what portion of the work set forth in the writing the plaintiff was obligated to perform. The court, therefore, did not err in sustaining the special demurrer entered by the defendant.

3. The petition set forth a valid cause of action in so far as it sought to recover for the unpaid portion of the services actually performed. The court, therefore, erred in dismissing the petition on general demurrer.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED APRIL 8, 1920.

Action on contract; from city court of Savannah — Judge Freeman.   October 10, 1919.

In 1918, the Foundation Company was engaged in the construction of thirty-eight steel vessels, known as " mine sweepers," for the Republic of France.   On August 7, 1918, it entered into a

written contract with Oliver G. Ball, by which he was employed to bend the steel frames to be used as the ribs in the construction of these vessels. He sued the Foundation Company upon this contract (a copy of which was attached to the petition), alleging that after he had bent the frames for six of the thirty-eight vessels, the contract was, without legal cause, terminated by the defendant. He sought to recover as damages what he alleged to be the net loss of profits occasioned by the breach, and also five per cent. of the contract price for the work actually performed under the terms of the contract, which he alleged the defendant had failed and refused to pay. The petition was based on the theory that the contract was in fact to be performed by the petitioner in conjunction with a number of other persons, the petition alleging that "it was provided that petitioner and the other three men working in conjunction with him should receive the sum of $4.00 per frame complete in ships 1-38 inclusive," and he sued for a fourth of the net damage from the loss of profits.

The defendant demurred to the petition generally and specially. The judge sustained the general demurrer and also the special ground to the effect that "it appears from the allegations of the petition that no contract such as alleged therein was ever entered into between plaintiff and this defendant," but the plaintiff was granted the right to amend so as either to stand on the contract as written or to show a legal subsequent agreement changing its terms to conform to the allegations of the petition. The plaintiff sought to amend the petition, but did not thus seek to set forth any express agreement altering the terms of the original contract. Paragraph 2 of the proffered amendment is as follows: "Under the terms of the contract and under the actual interpretation and working thereof by petitioner and the defendant company, the contract attached to the petition contemplated, and was known to both petitioner and the defendant to contemplate, that petitioner should bend all of the frames in the said thirty-eight vessels which it was possible for him to bend, under the circumstances under which the petitioner and defendant were working. When petitioner first began the performance of his contract there were three frame benders, including himself, but before the completion of the six ships heretofore mentioned another frame bender was added, making four frame bend-

ers altogether. Under the actual working of the contract both before and after petitioner was denied the privilege of completing his contract by the defendant company, two of said frame benders, with their helpers, worked a ten-hour shift, at the conclusion of which the other frame benders, with their helpers, worked a ten-hour shift. In this manner the four frame benders were actually bending the frames in the ships, and it was intended that they should bend the frames for all the vessels in this manner. In each ship there were to be one hundred and fifty-eight whole frames. In the thirty-two ships there were to be five thousand and fifty-six frames. Of these five thousand and fifty-six frames it was contemplated that petitioner should bend as many as one fourth, and as many more as possible, and petitioner avers that under the system which he was following he would easily have bent as many as one fourth of the entire number of frames, or one thousand two hundred and eighty-four frames altogether in the remaining ships. Under petitioner's contract he was entitled to the sum of four dollars per frame, and he would therefore have been entitled to receive for the one thousand two hundred and eighty-four frames, which it was contemplated that he should bend, and which he would have bent had he been permitted to complete his contract, the sum of five thousand one hundred and thirty-six dollars.

The judge refused to allow the amendment and sustained the general and special demurrer.

*Oliver & Oliver,* for plaintiff.

*Stephens, Barrow & Heyward,* for defendant.