26280. JONES *v.* LAWMAN, receiver.

DECIDED DECEMBER 2, 1937.

*F. M. Gleason,* for plaintiff in error. *McClure & McClure,* contra.

BROYLES, C. J. (After stating the foregoing facts.) This case was originally brought to the Supreme Court, and that court, in transferring the case to this court, said: "The petition, in substance, did no more than seek a money judgment upon a promissory note and to have the judgment declared a special lien upon the land. It did not seek injunction, appointment of a receiver, or allege any other equitable ground of relief." See 184 *Ga.* 25 (190 S. E. 607). Therefore, as stated by the Supreme Court in transferring the case, "the case before this court presents a controversy between the payee of the note and its maker, who was also the grantor in the deed to secure debt, relative to whether the defendant is liable on the note."

The averment in the defendant's demurrer to the petition that the petition as a whole set out no cause of action, is without merit. The principal question raised by the defendant's demurrer to the petition is, could the plaintiff properly maintain an action on the note in the courts of this State, it appearing from the petition that plaintiff brought the suit as receiver of a mortgage pool of a bank in Tennessee, under appointment of a court of chancery in that State, and there being no allegation therein of any other authority for the receiver to bring the suit. The note sued on did not come into the hands of the plaintiff as a part of the assets of his

trust. It was executed by the defendant in favor of the plaintiff receiver *after* his appointment as such, and the receiver owned the note. The rule, urged by the defendant, that a chancery receiver can not sue in the courts of a foreign jurisdiction by virtue of his appointment alone, does not apply where the foreign receiver is vested, expressly or by necessary implication, with title to the subject-matter of the litigation (*Bullock* v. *Oliver*, 155 *Ga.* 151, 116 S. E. 293) or where he, as receiver, has acquired title by conveyance. 53 C. J. 395; Oliver *v.* Clark, 106 Fed. 402. A foreign receiver may institute and maintain in this State a suit on a note made payable to him in a transaction taking place after his appointment. Restatement Conflict of Laws, 660, 682. The note sued on was payable to "E. H. Lawman, receiver," and the transaction having occurred *after* he was appointed receiver, and title to the note being in the receiver, he had a right to institute suit thereon in the courts of this State, and to do so without alleging who was interested in the mortgage pool of the bank. It follows that the court did not err in overruling the defendant's demurrer to the petition.

In considering the assignment of error on the striking of defendant's answer as amended, it should be borne in mind that if any part of a pleading sets forth a cause of action or a valid defense it is error to sustain a general demurrer and strike the same in its entirety. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333); *Train* v. *Emerson*, 137 *Ga.* 730 (2) (74 S. E. 241). The second paragraph of the demurrer to the amended answer, alleging that the defense of failure of consideration and that of extension of time of payment are inconsistent, is without merit *as a ground of dismissal;* and the fact that the amended answer set up inconsistent defenses did not render the same subject to general demurrer. A defendant may file one or more defenses without waiving the benefit of either (Code, § 81-301), and his "answer may contain as many several matters as the defendant may think necessary for his defense." Code, § 81-305. See also *Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 532 (3), 536 (4 S. E. 921); *Mendel* v. *Miller*, 134 *Ga.* 610 (2) (68 S. E. 430); *White Sewing Machine Co.* v. *Horkan*, 7 *Ga. App.* 283 (2) (66 S. E. 811); *Watters* v. *Freeman*, 16 *Ga. App.* 595 (2) (85 S. E. 931). The answer, as amended, alleged that the note sued on being executed in Ten-

nessee where the legal rate of interest is six per cent., and the note providing for eight per cent. interest, and defendant having paid interest at eight per cent. on said note, that said interest received and retained by plaintiff constituted a charge of usury and relieved the defendant of the payment of any interest. The third and fourth paragraphs of plaintiff's demurrer allege that such allegations fail to meet the objections raised by the original demurrer to the answer, fail to set up a defense to an unconditional contract in writing, undertake to set up new matter, and fail to plead the law of Tennessee showing that the legal rate of interest is six per cent. Where a note is executed and made payable in another State, even though secured by a deed to land in this State, and suit is brought on the note in this State, the rate of interest on the note is governed by the usury laws of the sister State. *Goodrich* v. *Williams,* 50 *Ga.* 425; *Thomas* v. *Clarkson,* 125 *Ga.* 72, 77 (54 S. E. 77, 6 L. R. A. (N. S.) 658). This being true, the provision of law applicable to the transaction in the neighboring State must be made to appear. *Flournoy* v. *First National Bank of Indiana,* 78 *Ga.* 222 (7), 229 (2 S. E. 547), s. c., 79 *Ga.* 810 (7) (2 S. E. 547); *Odom* v. *New England Mortgage Security Co.,* 91 *Ga.* 505 (18 S. E. 131). Since the courts of this State will not take cognizance of the interest or usury laws of Tennessee, it is essential that the defendant, if he wishes to avail himself of the defense of usury, plead and prove the laws of Tennessee in this respect, and that such laws were in force at the time of the execution of the note. *Thomas* v. *Clarkson,* supra; *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944, 137 Am. St. R. 227); *Independent Order Purilans* v. *Cadden,* 25 *Ga. App.* 27 (102 S. E. 454); *Odom* v. *New England Mortgage Security Co.,* supra; *Craven* v. *Bates,* 96 *Ga.* 78 (23 S. E. 202); *Champion* v. *Wilson,* 64 *Ga.* 184; Code, § 57-106. The allegations of the answer, as amended, relative to the charge of usury, under the authorities above cited, were insufficient to meet the demurrer thereto.

Further testing the defendant's amended answer as against the plaintiff's demurrer, it is clear his averment in his original answer that "for want of sufficient information, defendant can neither admit nor deny the allegations of the fourth paragraph of plaintiff's petition," which fourth paragraph of the petition set out

that the defendant executed the described note sued on, is insufficient. "Where facts are charged to be within the knowledge of a party, and where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true." Code, § 81-308. The allegations of the answer as a whole show that the defendant, for lack of sufficient information, did not know whether he *owed the amount* called for by the note, but he is presumed to know whether he executed the note, since there is no averment explaining his ignorance of that alleged fact. *Smith* v. *Champion*, 102 *Ga.* 92 (2) (29 S. E. 160); *Ten-Fifly Ponce de Leon* v. *Citizens & Southern Bank*, 170 *Ga.* 642 (2); *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (5) (50 S. E. 1008); *Hudson* v. *Hudson*, 119 *Ga.* 637 (3) (46 S. E. 874); *Branch* v. *Johnson*, 9 *Ga. App.* 699 (2) (71 S. E. 1123). This portion of the defendant's answer is evasive and should be treated as an admission of the averment. *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601 (2) (77 S. E. 1072).

Next, we deal with the allegations of the answer and the amendment thereto relative to the alleged extension of time of payment, as shown by the preceding statement of facts. The defendant does not plead facts showing any extension of the time of payment, or departure from the terms of the note, which can be considered as a valid defense to the suit thereon; and this portion of the answer was subject to be stricken on demurrer as being insufficient. It is true that "where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement" (Code, § 20-116), but to make this Code section applicable, it is necessary that the circumstances be such as will in law imply a mutual new agreement, whereby new and distinct terms are supplied in lieu of those provided by the original contract. *Ball* v. *Foundation Co.*, 25 *Ga. App.* 126 (103 S. E. 422), citing *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (58 S. E. 200). The alleged facts in this case do not show a mutual, new agreement with new and distinct terms in lieu of those in the original contract. It is alleged in defendant's original answer "that it was distinctly agreed

between him and the plaintiff, *at the time said note was signed,* if and in the event said defendant was not able to pay said note on the 12th of September, 1935, that he, the plaintiff, would extend the time of payment." (Italics ours.) It is well settled that a promissory note or other written contract, which purports to express the full agreement, can not, in the absence of fraud, accident or mistake, be varied by altering the unconditional terms thereof by a parol. agreement contemporaneously made. *Union Central Life Ins. Co.* v. *Wynne,* 123 *Ga.* 470 (2) (51 S. E. 389); *Stapleton* v. *Monroe,* 111 *Ga.* 848 (36 S. E. 428). And in the amendment to the answer the defendant alleged that it was agreed that "the plaintiff would extend the time of payment for an indefinite period of time," and that "acting on said agreement, he did, on the 16th of September, 1935, pay to E. H. Lawman, receiver, the sum of $22, which said payment extended the time of said note to September 12, 1936." While it is true that a debtor and creditor, for a consideration, may, in a proper case, agree to postpone the time of payment of a debt, the postponement, to be enforceable, must be for a consideration. The defendant's answer shows that this $22 was not paid as a consideration for a postponement of the payment of the note, but was paid as interest; and he alleged that said amount of interest was an overcharge of $5.50. See, in this connection, *Matthews* v. *Richards,* 13 *Ga. App.* 412 (2) (79 S. E. 227); *Rutledge* v. *Temple Banking Co.,* 31 *Ga. App.* 686 (121 S. E. 707). Moreover, the alleged agreement to extend the time of payment "for an indefinite period of time" does not meet the requirement of the law as to distinctness and definiteness, and leaves the plaintiff where he is not bound to wait any definite time, after maturity of the note, before instituting suit thereon. *Bunn* v. *Commercial Bank,* 98 *Ga.* 647 (26 S. E. 63).

One of the grounds of plaintiff's demurrer to defendant's amendment to his answer, was that the defendant sought thereby to set up new defenses to the suit on the note, namely failure of consideration and usury. In his affidavit verifying the allegations of the amendment the defendant said: "That at the time of the filing of the original plea he did not omit the new defenses set out in the amendment for the purpose of delay, and that this is not filed for delay." In view of this affidavit, the defendant, as a matter of right, could amend his answer by setting up new de-

fenses. Code, § 81-1310; *Wynn* v. *Wynn,* 109 *Ga.* 255 (34 S. E. 341); *Alabama Midland Ry. Co.* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794).

The next question dealt with concerns the allegations of the answer, as amended, relative to the consideration of the note sued on. The original answer alleges that the note was given by defendant to plaintiff for "money advanced by the plaintiff for the payment of taxes." The amendment to the answer alleges "that the consideration for the note has failed, and that the plaintiff has not paid said taxes." The note sued on recites that it is given "for value received," and therefore imports a consideration. Code, § 14-301. Since the note does not specify what was the "value received," the defense of failure of consideration can not properly be established without ascertaining what the consideration was. *Heard* v. *DeLoach,* 105 *Ga.* 500 (2) (30 S. E. 940). In view of the pleadings in this case, and since the suit is between the original parties to the note, parol evidence is admissible to show what the true consideration of the note was, and that such consideration has failed. Code, § 14-305; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Lynchburg Shoe Co.* v. *Daniel,* 23 *Ga. App.* 186 (98 S. E. 107); *Dunson Co.* v. *Smith Seed Co.,* 26 *Ga. App.* 585 (2) (106 S. E. 914); *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (77 S. E. 650). It is only when a defendant, under the guise of seeking to inquire into the consideration, is in fact attempting to vary the terms of a written contract, that the inhibition of the parol evidence rule becomes applicable. *Lynchburg Shoe Co.* v. *Daniel,* supra. The record discloses no such pretext on the part of the defendant in this case. On the contrary, so far as the pleadings show, the defendant has shown good faith. He avers that he owes the plaintiff, and is willing to pay all he owes him; but that he gave the note for the payment of taxes by plaintiff who agreed to turn over to defendant the tax receipts showing payment of the taxes, and that plaintiff has refused, on demand, to show defendant the receipts or other evidence of payment of the taxes. Whether the refusal to show the receipts caused the defendant to conclude that the plaintiff had not paid the taxes, or whatever reason he may have had, the defendant amended his answer and alleged unqualifiedly that the taxes have not been paid and, therefore, the consideration for the note has failed. It follows from what is

774

said above, that so much of the amended answer as set up a failure of consideration, was improperly stricken on general demurrer.

Furthermore, the petition alleged that proper notice to claim attorney's fees was given the defendant. The defendant in his answer denied this. Before attorney's fees can be recovered on a promissory note, it must be alleged in the petition that the statutory notice to claim attorney fees has been given to the maker, and such allegation, if denied, must be proved on the trial. *Pritchard* v. *McCrary*, 122 *Ga.* 606 (50 S. E. 366); *Turner* v. *Bank of Maysville*, 13 *Ga. App.* 547 (79 S. E. 180). The answer of the defendant in this respect was good as against a general demurrer or motion to strike the entire answer. Moreover, since the answer denied the allegation that notice for attorney's fees was given, an issue of fact thereon was raised; and since no evidence to prove the allegation was introduced, a verdict, including the attorney's fees sued for, could not properly be directed. *Cowart* v. *Bush*, 142 *Ga.* 48 (82 S. E. 441); *Rabun* v. *Commercial Bank*, 21 *Ga. App.* 43 (2) (93 S. E. 524); *Turner* v. *Bank of Maysville*, supra. However, the prior error in striking, on demurrer, the amended answer in its entirety rendered the further proceedings nugatory; and that error requires another hearing of the case.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*