30042. SARGENT *v.* SHIPP, executor, *et al.*

DECIDED SEPTEMBER 30, 1943. REHEARING DENIED OCTOBER 19, 1943.

*A. K. Burns, Carl T. Hudgins,* for plaintiff in error.
*Augustine Sams, G. D. McKay,* contra.

BROYLES, C. J. On June 23, 1942, the defendants in error sued L. D. Sargent upon a series of promissory notes executed for the purchase-price of standing timber, each note being for $250 principal, with interest and attorney's fees. The written contract between the parties provided that Sargent have two years from July 1, 1931, in which to cut and remove the timber from the described premises, and that at the end of said two years any remaining timber would revert to and become the property of Johnson and Shipp. The contract and notes were executed on May 22, 1931. In each of the notes, Sargent "expressly agreed that time is of the essence of this contract; and should I fail to pay any one of said notes within 30 days from the time the said notes become due, then all of said notes shall become due and collectible at the option of the holder." Sargent in his amended answer admitted the execution of the notes, but alleged payment of two of them. He further pleaded that a few months after he began cutting the timber, conditions became so bad that it was impossible to cut and remove the remaining timber at a price that would pay expenses, and that the payees of the notes verbally agreed to release him from his contract, stating that he could cease his operations until conditions improved, and if it became possible to renew operations and to pay expenses, Sargent could do so, *if he desired.* The amendment further alleged that the bad conditions continued for nine years, and that the parties had mutually abandoned the contract.

On demurrer all of the answer, except the alleged payment of two of the notes, was stricken, and exceptions pendente lite to that ruling were taken. Subsequently Sargent moved for the court to vacate or modify its judgment on the demurrer, and to allow him to file another amendment to his answer. The court refused to vacate or modify its judgment, and declined to allow the later amendment; and that judgment was excepted to. On the trial, after the introduction of evidence by the plaintiffs (the defendant introducing none), the court directed a verdict for the plaintiffs for the amount sued for, less the amount of payments of two of the notes, the plaintiffs having admitted such payments. In the bill of exceptions, the rendition of the verdict and judgment is assigned as error because of the alleged erroneous interlocutory rulings of the court.

It does not appear that the alleged oral agreement was definite or certain, or that it was based on any consideration. Sargent says in his amendment that under that agreement he had the right, *if he so desired*, to continue or renew the cutting of the timber, even after the lapse of nine years. In *Collier Estate* v. *Murray*, 145 *Ga.* 851 (90 S. E. 52), the court said: "In order to defeat a proceeding based upon a lease which was a complete contract in itself, upon the ground that subsequently to the making of the same there was a novation of the contract, it would be necessary to show that another contract containing other and different terms from the original had been agreed upon and that there was a consideration for the novation." In *Branch* v. *Johnson*, 9 *Ga. App.* 699 (71 S. E. 1123), where timber was to be cut within two years, and the cutting had been discontinued, and where there was a subsequent parol agreement that the two-years limit would not be insisted upon, but that the cutter might have a longer time in which to cut the timber (no definite period of time being named), and where seven years had elapsed and no further effort had been made to cut the timber, this court held that even if the parol agreement, made during the time set in the original contract, was legally enforceable, it had the effect of extending *only for a reasonable time* the defendant's right to cut the timber; and that since the original lease was for two years, it would be unreasonable to construe the parol agreement as extending the written agreement for five more years. In the instant case the original contract was for two years only; and it

would certainly be unreasonable to construe the oral contract, even if it were valid, as extending the written agreement for nine more years.

In our opinion, the verdict directed was demanded by the evidence; and none of the interlocutory rulings complained of shows cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*