36989. A. B. C. SCHOOL SUPPLY, INC. *v.* BRUNSWICK-BALKE-COLLENDER COMPANY.

DECIDED JANUARY 17, 1958—REHEARING DENIED FEBRUARY 3, 1958.

*Taylor, Edwards & Yancey, Louis D. Yancey, Jr.,* for plaintiff in error.

*A. M. Wilkinson, Jr.,* contra.

·GARDNER, Presiding Judge. It is not necessary to discuss whether or not the contract as originally sued upon was nudum pactum, but the question is whether or not the petition, as amended, set forth a valid enforceable contract. In *Hill* v. *Hors-*

*ley,* 142 *Ga.* 12 (2) (82 S. E. 225) the Supreme Court said: "(a) A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise. . . (c) The fact that property is placed in the hands of a real-estate broker to sell does not prevent the owner from selling, unless otherwise agreed. In the present case, however, it was agreed otherwise." Code § 20-302 reads: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." It may be conceded, but not decided, that the original contract was a mere nudum pactum. It will be noted that this court held in *Stevenson* v. *Atlanta Mission Holding Corp.,* 72 *Ga. App.* 258, 262 (33 S. E. 2d 568) as follows: "A promise, though a mere nudum pactum when made, and consequently unenforceable against the promisor at the time when made, may become binding and enforceable, if the promisee subsequently furnishes the consideration contemplated, by doing what he was expected to do. . . A nudum pactum becomes binding when one party performs his part and the other party gets the benefit of such performance . . . the part performance of the contract and the services rendered in the business by the petitioner . . . supplied the lack of mutuality and rendered the contract enforceable." See also *Turman* v. *Smarr,* 145 *Ga.* 312 (89 S. E. 214).

A letter dated February 18, 1956, from the plaintiff to the defendant reads in part as follows:

"Brunswick-Balke-Collender Company,

623 South Wabash Avenue,

Chicago 5, Illinois.

Attn: Mr. F. C. Nichols.

Dear Mr. Nichols:

"As you know, we have lost our franchise on your line of school furniture—a loss, I might add, that is sorely felt. Considering certain factors, such as 1955 being our first year in the furniture field, the difficulty of presenting such a superior and high-priced line as the Brunswick in such a competitive and price-minded market as Georgia, we feel that we did a very good volume of business for you. We had succeeded in getting practically the entire line on the State School Building Authority's list and we have just added two road salesmen for Georgia. In other words,

just as we were getting our ducks in a row, the Brunswick line is taken away.

"Now that the franchise is lost, however, there remain a couple of loose ends that should be tied down. I talked to Mr. McDermott by telephone and was given to understand that a letter would follow; to date, we have not received a letter on the subject from anyone in your organization. Mr. Ed Hurley promised us protection on two jobs which we had in the fire previous to the telegram notice of our losing the franchise, namely, a job in Colquitt County, Moultrie, Georgia, and the Ft. Valley State College. There is also a possibility of business with the Atlanta Jewish Community Center, although I do not think this one will pan out. Since we have done the ground work, specifications have been drawn and these will soon be in the bid state. I think we should have protection on these jobs in a written statement. . . Please let us hear from you.

> "Very truly yours,
> A. B. C. School Supply, Inc.
> Charles W. Williams, Jr.
> President."

The defendant answered under date of February 23rd as follows:
"A. B. C. School Supply, Inc.
3225 Cains Hill Place, N.W.,
Atlanta 5, Georgia.
Attn: Mr. Charles W. Williams, Jr., President.
Dear Mr. Williams:

"We are in receipt of your letter of February 18, 1956. I wish to point out that we will protect you on the Colquitt County, Moultrie, Georgia job and the Fort Valley State College job.

"Regarding the Screven County job—I would like to inform you that we will issue a credit memorandum in the amount of $168.87 in the immediate future.

> "Sincerely yours,
> Brunswick-Balke-Collender Co.
> /s/ R. P. McDermott"

We are of the opinion that the letter showed that the defendant would protect the plaintiff in the sale of the equipment to the school in Colquitt County and that this was true whether the property was sold by the plaintiff or the defendant. The petition

sets forth a number of things which the plaintiff did and of which the defendant was aware subsequently to the letter of February 23rd. We call attention in this connection to *Brown* v. *Floding*, 173 *Ga.* 400, 404 (160 S. E. 604) wherein it is said: "While the contract as originally entered into might not have been enforceable, on the ground that it was without consideration and unilateral, the part performance of the contract and the services rendered in the business by the petitioner . . . supplied the lack of mutuality and rendered the contract enforceable and a breach of it actionable. The defendant could not take advantage of the offer of the petitioner . . . and receive the benefit of his services and then breach the contract, without rendering himself liable." See also *Webb* v. *Pullman Co.*, 57 *Ga. App.* 772 (196 S. E. 477).

It is contended by the defendant that the plaintiff is not entitled to recover because the balance of the Colquitt County job was not consummated until more than sixty days after receipt of the letter of February 23rd. It will be noted that nowhere in the letter of February 23rd is there a time limit. In *Evans* v. *Henson*, 73 *Ga. App.* 494 (3) (37 S. E. 2d 164) this court said: "The terms of a written contract may be modified . . . by a subsequent parol agreement." Code § 20-116 reads: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." In *Hollister Bros.* v. *Bluthenthal & Bickart*, 9 *Ga. App.* 176 (8) (70 S. E. 970) this court held: "Where performance has been accepted after the expiration of the [time] limit [for performance], the failure to comply with this condition of the contract will be considered as waived." In *Greene County Oil Co.* v. *McCaw Manufacturing Co.*, 9 *Ga. App.* 39 (70 S. E. 201) the same principle was expressed in this language: "Even where time is expressly declared to be of the essence of a contract, it may be waived by the conduct of the party for whose benefit the stipulation was made. In this case the undisputed facts show that the defendant reaffirmed the contract after the expiration of the time limit for its performance by

the plaintiff. The contract was therefore enforceable, after performance by the plaintiff had been accepted by the defendant, although the performance was after the expiration of the stipulated time limit." See also *Moody* v. *Griffin*, 60 *Ga.* 459, wherein the Supreme Court said: "Although time is of the essence of the contract, it may be waived; and if, by consent, one party has complied with its terms after the prescribed time, a bill for specific performance will lie against the other." In *McDaniel* v. *Mallary Bros. Machinery Co.*, 6 *Ga. App.* 848 (1) (66 S. E. 146) this court held: "Forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites." In *Jordan* v. *Rhodes & Doss*, 24 *Ga.* 478, the Supreme Court held: "Notwithstanding time is of the essence of the contract, it may be waived; and a subsequent offer to fulfill the contract, and urging a compliance on the other side, instead of treating the contract as at an end, amounts to a waiver." This contention is not meritorious.

We come next to consider the question as to whether or not the petition, as amended, set forth the proper measure of damages which the plaintiff might recover. Code § 20-1407 reads: "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." In *Rice* v. *Caudle*, 71 *Ga.* 605 (1), the Supreme Court held: "In a suit for compensation, growing out of the breach of a contract under which the plaintiff claimed the exclusive right to sell certain goods at a given price, in a designated territory, and in violation of which, others were employed to do the work without his consent, when he was ready and willing to carry out his contract, the measure of damages would be the difference between the cost of doing the work and the price to be paid for it; that is, the profits of the enterprise, after deducting the legitimate and actual cost of its execution." See also *Mimms* v. *Betts Co.*, 9 *Ga. App.* 718 (72 S. E. 271); *Kerr* v. *DuPree*, 35 *Ga. App.* 122 (132 S. E. 393); and *Georgia Power & Light Co.* v. *Fruit Growers Express Co.*, 55 *Ga. App.* 520 (190 S. E. 669).

Counsel for the defendant contends that the court did not err in sustaining the general demurrer to the petition, as amended, and call our attention to *Morrison* v. *Roberts*, 195 *Ga.* 45, 46 (23 S. E. 2d 164). There the court held: "While it is true, as recognized by the Code, § 20-116, that where parties, in the course of the performance of a contract, depart from its terms and pay or receive money under such departure, a modification by way of a quasi new agreement will be implied, still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement, so that the modification, when taken in connection with the original contract, will provide a new and distinct agreement complete in its terms. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (4), 703 (58 S. E. 200); *Southern Feed Stores* v. *Sanders*, 193 *Ga.* 884 (3), 887 (20 S. E. 413); *Kennesaw Guano Co.* v. *Miles*, 132 *Ga.* 763, 770 (64 S. E. 1087), and cit.; *Ball* v. *Foundation Co.*, 25 *Ga. App.* 126 (103 S. E. 422); *Jones* v. *Lawman*, 56 *Ga. App.* 764, 771 (194 S. E. 416)." Counsel for the defendant call our attention also to *Jones* v. *Lawman*, 56 *Ga. App.* 764, 771 (194 S. E. 416). Those cases are not applicable to the facts in the instant case. We think it is easily discernible from the amended petition that the petition goes into details to show that the agreement was decidedly different from the provisions of the original petition.

The court erred in sustaining the general demurrer to the petition as amended.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*