37228.  LONG TOBACCO HARVESTING COMPANY, INC. *v.* BRANNEN *et al.*

DECIDED SEPTEMBER 16, 1958.

144

*Cohen Anderson*, for plaintiff in error.

*Ralph V. Bacon, Wm. J. Neville, Neville & Neville*, contra.

QUILLIAN, Judge. ■ The exception is to a judgment of the trial judge overruling a general demurrer to the affidavit of illegality in its final form. It follows that, if that pleading set out any valid defense to the foreclosure of the retention-of-title contracts, the judgment must be affirmed.

The affidavit of illegality undertook to present a variety of defenses. The first was that the papers foreclosed were not retention-of-title contracts but were consignment contracts. The fact that the papers possess many features of consignment contracts did not transform them into agreements of that nature, since they evinced absolute promise to pay the purchase price of the articles they described. *McKenzie* v. *Roper Wholesale Grocery Co.*, 9 *Ga. App.* 185 (70 S. E. 981).

■ The affidavit of illegality alleged that prior to the execution of retention-of-title contracts the plaintiff and the defendants agreed that the articles described in the instruments were to be delivered to the defendants on a consignment basis, and that the contracts did not represent the true agreement of the parties. The allegation does not constitute a defense.

The affidavit of illegality sought to set up a similar defense, that it was not the intention of the plaintiff and the defendants that the retention-of-title contracts commit the defendants to absolute promise to pay for the articles described in them, but were intended only as receipts for the articles. Code § 38-501; *Indiana Truck Corp.* v. *Glock,* 46 *Ga. App.* 519 (168 S. E. 124); *Hill* v. *Sterchi Bros. Stores,* 50 *Ga. App.* 193 (2) (177 S. E. 353). That which cannot be proved cannot be pleaded.

It is not permissible to plead that a valid written promise to pay is varied or contradicted by parol agreements contemporaneous or prior to the execution of the instrument evincing such promise to pay. *Red Line Products Co.* v. *J. M. High Co.,* 57 *Ga. App.* 304, 315 (195 S. E. 296). Hence the defense pleaded was not a valid one.

■ The affidavit of illegality undertook to interpose the defense that the plaintiff and defendants had by a course of dealings substituted for the original contract contained in the retention of contract of assignment by the terms of which the articles were not sold to the defendants, but were merely delivered to them on consignment basis, that is, the purchase price was to be paid by the defendants only in the event the defendants sold the articles to third parties. In *Wimberly* v. *Tanner,* 34 *Ga. App.* 313 (1) (129 S. E. 306) it is held: "The rule that contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written instrument (Civil Code of 1910, § 5788) is not violated by proof of a new and distinct subsequent agreement in the nature of a novation. Civil Code (1910), § 5794. But the novation, to be valid, must be supported by some new consideration. Civil Code (1910) § 4226; *Collier Estate* v. *Murray,* 145 *Ga.* 851 (1) (90 S. E. 52)."

There is no question that through a course of dealing an entirely new verbal contract may be substituted for a valid written

contract, and mutual acquiescence in such course of dealing may constitute sufficient consideration for the new contract. *Hill* v. *Sterchi Bros. Stores,* 50 *Ga. App.* 193, supra.

The alleged substitution did not extend to a change of all of the provisions of the agreement contained in the retention-of-title contract, but only to the clause of the contract that committed the defendants to an absolute promise to pay the purchase price of the articles described in the retention-of-title contracts. Analysis of the retention-of-title contracts reveals that they contained both absolute and conditional promises to pay the purchase price of the articles, which were not, in the form the instruments were drawn, at all inconsistent. The change in the obligations of the retention-of-title contracts allegedly made by the course of dealings in reference to handling of the articles simply served to relieve the defendants of the absolute promise to pay for the described articles, and allow the conditional promise to pay for the same of force.

This alleged change, if in fact made by the dealings of the parties, had the effect to transform the agreement from conditional-sale contracts to contracts of consignment.

In *Morrison* v. *Roberts,* 195 *Ga.* 45, 46 (23 S. E. 2d 164) the rule is stated: "While it is true, as recognized by the Code, § 20-116, that where parties, in the course of the performance of a contract, depart from its terms and pay or receive money under such departure, a modification by way of a quasi new agreement will be implied, still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement, so that the modification, when taken in connection with the original contract, will provide a new and distinct agreement complete in its terms. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (4), 703 (58 S. E. 200); *Southern Feed Stores* v. *Sanders,* 193 *Ga.* 884 (3), 887 (20 S. E. 413); *Kennesaw Guano Co.* v. *Miles,* 132 *Ga.* 763, 770 (64 S. E. 1087), and cit.; *Ball* v. *Foundation Co.,* 25 *Ga. App.* 126 (103 S. E. 422); *Jones* v. *Lawman,* 56 *Ga. App.* 764, 771 (194 S. E. 416)." Many supporting authorities are cited in the *Morrison* case.

The retention-of-title contracts in this case, with the provision providing absolute promises deleted contain a definite and com-

plete contract of consignment. Hence, since the only alleged change made by the dealings of the parties was to delete from the contracts the clause committing the defendants to absolute promise to pay, the affidavit of illegality seems to meet the rule that where it is alleged that there has been a novation, either expressed or arising out of the dealings of the parties, the pleading must show that the agreement of the parties altered by the novation expressed a distinct and complete new contract.

■ The affidavit of illegality set up a valid defense, the defense that part of the retention-of-title contracts sought to be foreclosed were signed by an employee of the defendants who was not authorized to execute the instruments on behalf of the defendants. This defense was pleaded imperfectly, but under the ruling in *East Point Lumber Co.* v. *Chandler*, 46 *Ga. App.* 361 (1), (167 S. E. 787) was sufficient to withstand a general demurrer.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*