### 39564. OXFORD, Commissioner v. BLANKENSHIP.

DECIDED SEPTEMBER 7, 1962—REHEARING DENIED
SEPTEMBER 19, 1962.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* for plaintiff in error.

*T. Baldwin Martin, Martin, Snow, Grant & Napier,* contra.

JORDAN, Judge. It is without question that the lease agreement executed by the taxpayer and the lessee in this case was a taxable transaction under Section 2(c) of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1960, pp. 153, 154; *Code Ann.* § 92-3402a (c)). The taxpayer contends, however, that the imposition of the sales tax on that part of the lease receipts derived from the use of the leased vehicle in interstate commerce would constitute a burden on interstate commerce and is therefore within the exemption created by *Code Ann.* § 92-3406a which provides that it is not the intention of the sales tax act to levy a tax on bona fide interstate commerce.

We do not agree with this contention. The tax levy in the instant case was in the nature of an excise or license tax on the

privilege of executing the contract of lease of the described vehicle. This lease agreement was wholly consummated within this State, and was in our opinion a local transaction from which the State could legitimately exact revenue by taxation. While said tax may in an ultimate sense come out of interstate commerce, it is not "as would be a tax on gross receipts, a direct imposition on that very freedom of commercial flow which for more than a hundred and fifty years has been the ward of the Commerce Clause." Freeman v. Hewit, 329 U. S. 249, 256 (67 SC 274, 91 LE 265).

The present tax is not aimed at interstate commerce and certainly does not discriminate against it. It is not imposed as a license for the privilege of doing interstate commerce and it is not a direct imposition on interstate commerce. It is simply a levy on the privilege of engaging in a purely local transaction— that of leasing a tractor, and the fact that said tractor might subsequently be used in interstate commerce is of no moment and importance. The taxpayer can no more resist the imposition of the sales tax on this contract of lease than he could resist the imposition of said tax on a contract of sale on the ground that the article sold was to be used wholly in interstate commerce. Eastern Air Transport v. South Carolina Tax Commission, 285 U.S. 147 (52 SC 340, 76 LE 673). In that case it was said at page 153: "[T]he mere purchase of supplies or equipment for use in conducting a business which constitutes interstate commerce is not so identified with that commerce as to make the sale immune from a non-discriminatory tax imposed by the State upon intrastate dealers."

Likewise, the fact that the consideration flowing to the taxpayer from the lease agreement was to be determined not by a flat rental charge but by a percentage of the transportation charges earned by the lessee company through the use of the taxpayer's tractor is wholly immaterial, as this is simply the measure of rent due the taxpayer and does not alter the basic character of the lease transaction.

It is true as contended by counsel for the taxpayer that if the truck-tractor involved in the instant transaction had been jointly owned by the taxpayer and the lessee, then the transportation

charges derived from the use of the same in the execution of the owners' business, whether it be involved in interstate or intrastate commerce, would not be subject to the imposition of the sales tax under the provisions of *Code* § 92-3403a (c) (2) (j). However, under the facts stipulated in this case, the taxpayer and the lessee have chosen to enter into a contract of lease, the consideration for which is subject to the sales tax act and is not within the exemption relied upon. For this reason the judgment of the Superior Court of Floyd County setting aside the final tax assessment made by the State Revenue Commissioner is erroneous and must be reversed.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*