### 41886. PARKER et al. v. AVERETT.

FRANKUM, Judge. The judgment appealed from in this case granted the plaintiff's motion for a summary judgment against the defendants on the issue of liability, leaving for the jury the question respecting the amount of damages recoverable. While, under the provisions of Section 8 of the Act approved March 17, 1959 (Ga. L. 1959, pp. 234, 236; *Code Ann.*

§ 110-1208), an order granting a summary judgment on any issue was, before the passage of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), reviewable by direct bill of exceptions, and while that provision of the 1959 Act was not expressly repealed by the 1965 Act, the latter Act does provide in Section 21 (s) thereof that, it being intended as a comprehensive revision of appellate and other post-trial procedure, the failure to specifically enumerate in the repealing clauses thereof any statute, Code section or Act dealing with the subject of appellate practice and procedure shall not be construed as continuing in effect such Code section, statute or Act as may be in conflict with the 1965 Appellate Practice Act. Ga. L. 1965, pp. 18, 39. To ascertain whether there is any conflict between Section 8 of the 1959 Act and the provisions of the 1965 Act it is necessary to examine the latter Act to ascertain whether it authorizes an appeal in any case where, as here, the case is still pending in the trial court.

Section 1 (a) of the Appellate Practice Act specifically enumerates the classes of judgments and rulings from which an appeal may be taken. None of the particular kinds of judgments specifically enumerated in paragraph three thereof relate to appeals from the granting or denying of summary judgments, and it is necessary, therefore, only to notice paragraphs 1 and 2 of Section 1 (a) to ascertain whether a direct appeal may be taken from an order granting a summary judgment as to less than all the issues in a case. By paragraph 1 of Section 1 (a), an appeal lies where the judgment is final. That is to say, where the cause is no longer pending in the lower court. Applying that test to the judgment in this case the appeal here clearly is not authorized, because the case is still pending in the lower court for trial on the issue of damages. By paragraph 2 of Section 1 (a), appeals may be taken where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause, or final as to some material party thereto. Clearly, the appeal in this case is not authorized by that paragraph, because, if the court had, as the appellants contend it should have, denied the appellee's motion for a summary judgment on the issue of liability, the cause would still have been pending for trial by a jury on all the issues made, including damages *and* the issue of liability. It follows, there-

fore, that the appeal in this case is not authorized by any provision of the Appellate Practice Act of 1965, and while it might have been brought under the provisions of Section 8 of the Summary Judgments Act prior to the enactment of the Appellate Practice Act, under the language of Section 21 (s) of the latter Act, Section 8 of the former Act, insofar as it authorizes appeals from the grant of a summary judgment where the case is still pending in the trial court, being in conflict with Section 1 (a) of the Appellate Practice Act, is clearly repealed. See in this connection, *Sirmans v. Allen,* 221 Ga. 703 (146 SE2d 761), where the Supreme Court, without comment on the jurisdictional question, apparently recognized the applicability of the 1965 Appellate Practice Act to an appeal from the denial of a summary judgment, which procedure was expressly prohibited by Section 8 of the 1959 Act and, therefore, would not have been permissible prior to the enactment of the latter Act.

*Appeal dismissed. Felton, C. J., and Pannell, J., concur.*

ARGUED APRIL 6, 1966—DECIDED MAY 2, 1966.

*Norton & Cooper, William L. Norton, Jr., Telford, Wayne & Greer, Jeff C. Wayne,* for appellants.