41980.  UNDERCOFLER, Commissioner v. GRANTHAM
TRANSFER COMPANY, INC. et al.

QUILLIAN, Judge.  1.  *Code Ann.* § 110-1208 providing that an
order denying summary judgment shall not be subject to
review has been superseded by *Code Ann.* § 6-701 (2) (Ga.
L. 1965, p. 18) providing that appeals may be taken where
the judgment complained of, if it had been rendered as
claimed for by the appellant, would have been a final dis-
position of the cause or final as to some material party
thereto.  *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654
(151 SE2d 765).  See also *Parker v. Averett,* 113 Ga. App.
576 (149 SE2d 199).  An appeal from the denial of a sum-
mary judgment will now lie provided the grant of the
motion in accordance with the contentions of the appellant
would have been a final disposition of the case.
The first enumeration of error is as follows: "1.  The court
erred in sustaining the State Revenue Commissioner's mo-
tion for summary judgment but including in the judgment
thereon only the sales or use taxes due on those purchases
or uses of tangible personal property concerning which there
is no dispute."  The appellant did not enumerate error di-
rectly on the denial of summary judgment in his favor be-
cause, of course, the judgment was one granting a summary
judgment and finally disposing of the case, but in an amount
contended by the appellant to be less than that to which
it was entitled.  Since the instant judgment if rendered as

claimed for by the appellant would have been a final disposition of the cause, the appeal is not subject to the motion to dismiss which has been interposed by the appellee.

2. Grantham appealed to the superior court from an assessment for taxes by the Revenue Commissioner under the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended; *Code Ann. Ch.* 92-34A) which involved leases to common carriers of trucks and tractors under agreements providing that lessee should keep the equipment licensed for use with the appropriate state and federal regulatory bodies, insure them against public liability and property damage and cargo loss, and pay as rent a percentage of its revenue. Grantham undertook to furnish drivers selected, employed, paid and discharged by it, provide workmen's compensation for such drivers, provide and pay for gas, oil, tires, license plates, and repairs, selecting the places where these are to be provided, direct the drivers with respect to safety, traffic and maintenace, pay all taxes and other fees, assume liability for the mishandling of any C.O.D. delivery, pay any fines resulting from trucks being operated above permissible weight limits, inspect, maintain and care for all equipment so furnished, and select routes to be used for the delivery of cargo from those over which the carrier is licensed to travel. The charges varied among the companies involved and, as to tractor-trailer combinations, ran between 52½% and 80% of the total revenues received.

On this state of facts the Commissioner made and Grantham opposed a motion for summary judgment. The court granted the motion *as to a single undisputed item only* and otherwise denied the motion.

A lease of tangible personal property is a sale within the meaning of the Sales and Use Tax Act. *Code Ann.* § 92-3403a (B); *Oxford v. Blankenship,* 106 Ga. App. 546 (127 SE2d 706). But the category does not include "personal service transactions which involve sales as inconsequential elements for which no separate charges are made nor services rendered by repair men for which a separate charge is made." *Code Ann.* § 92-3403a (C) (2) (a). Where the transaction involves both personal services and the leasing of tangible personal property, *Code Ann.* § 92-3448a is applicable: "Any person who contracts . . . to perform any service, and the

principal part of that service is the furnishing of the machinery which will not be under the exclusive control of the contractor, shall be liable to collect a sales tax on the rental value of the machine so used, and if labor and other charges are not separated from the rental charge, the person so contracting shall be liable to collect a sales tax on the entire contract price." For the defendant to be liable to collect the tax under this provision, there are two essential requirements that must be shown: first, that the principal part of the service is the furnishing of the machinery; second, that the machinery is not under the exclusive control of the contractor.

Some, but not all, of the leases specifically provide that "Carrier shall have exclusive possession, control and use of the motor vehicle involved when operated by or for such carrier." Notwithstanding these contractual provisions as to who had exclusive control of the vehicles, the affidavits of both the lessor and the lessee recited that the *care, custody and control* of the machinery was in the lessor Grantham. These affidavits are evidence that, through course of dealing and acquiescing therein, there was a mutual departure from the terms of the contract. *Long Tobacco Harvesting Co. v. Brannen,* 98 Ga. App. 142, 149 (105 SE2d 390). A summary judgment may be granted only "where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). In making this determination, the evidence is to be construed most favorably to the party opposing the motion, and he is to be given the benefit of all reasonable doubts and of all reasonable inferences from it." *Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408). Applying these rules to the instant record, as set out in the above statement of fact, the evidence was conflicting as regards both requisites of the statute. *Code Ann.* § 92-3448a, supra.

However, even assuming that furnishing the machinery or equipment was the "principal part" of the service supplied, still there remains a disputed issue as to whether the machinery was under the exclusive control of the lessor Grantham. Since the concurrence of both requirements is indispensable in order to constitute a taxable transaction within the purview of the

statute, the evidence contained in the affidavits of the lessor and lessee presented a jury question.

The trial judge did not err in denying the motion for summary judgment as to that issue.

*Judgment affirmed. Bell, P. J., and Hall, J., concur. Jordan and Eberhardt, JJ., concur in the judgment. Felton, C. J., Frankum, P. J., Pannell and Deen, JJ., dissent.*

ARGUED MAY 3, 1966—DECIDED DECEMBER 20, 1966.

*Arthur K. Bolton, Attorney General, Louis F. McDonald, Assistant Attorney General,* for appellant.

*Westmoreland & Patterson, Carl E. Westmoreland, Heard & Leverett, Robert M. Heard,* for appellees.

FELTON, Chief Judge, dissenting. This court, in my opinion, does not have jurisdiction to review a judgment denying a motion for a summary judgment as to *some* of the relief sought for the reason that some of the issues remaining are still pending in the trial court. *Parker v. Averett,* 113 Ga. App. 576 (149 SE2d 199). The judgment of the court in this case shows that the motion was granted for only part of the relief sought and denied as to the remainder. It is immaterial that the grant of the motion as to part of the relief was consented to by the taxpayer. This judgment was premature, was unreviewable and therefore not binding as of the time the judgment was rendered. In this situation the taxpayer could have rescinded his consent and reversed his position on the trial of the issues. The taxpayer could not reverse his position if the judgment by consent had been rendered at the proper time and was instantly reviewable. The judgment rendered in this case was premature as to the grant of part of the motion, and left the case pending as to other issues and this court does not have jurisdiction until there is an appeal from a reviewable judgment.

FRANKUM, Presiding Judge, and PANNELL, Judge, dissenting. The notice of appeal in this case designates the parties as they stood in the superior court where the Revenue Commissioner was appellee and Grantham Transfer Company, Inc., et al. were appellants. In the notice the Revenue Commissioner appeals from the judgment entered on February 18, 1966 "granting ap-

pellee's motion for a summary judgment." It is obvious that the judgment appealed from was in favor of the appellant here, and it is fundamental that a party cannot be heard to complain of a judgment in his favor. Therefore, we are of the opinion that the appeal should be dismissed.

DEEN, Judge, dissenting. *Code Ann.* § 92-3448a provides in part: "Any person who contracts, either orally, in writing, or by purchase order, to perform any service, and the principal part of that service is the furnishing of the machinery which will not be under the exclusive control of the contractor, shall be liable to collect a sales tax on the rental value of the machinery so used. . ." Therefore, Grantham Transfer Co. is obligated to collect and remit a sales tax on the rental value of the equipment if (a) the principal part of its service to the carrier consists in furnishing the vans which are the subject matter of the lease and (b) these vans are not under Grantham's exclusive control.

(a) In construing the words "principal part" we note that in the transactions at issue the purpose of the lessee is to obtain a means of hauling cargo which it has contracted to transport. This means vans, tractors and trailers. Without vehicles the carrier cannot undertake its commitment at all. With the vehicles, arrangements specifying which party hires drivers, furnishes gasoline, oil, repairs and so on are matters of convenience which might be done by either but which are of no use at all unless the vans are available. I therefore think the furnishing of the equipment is the principal part of the service.

(b) As to the issue of exclusive control, the sales tax involved here is in the nature of an excise or license and occupation tax. *Williams v. General Finance Corp.*, 98 Ga. App. 31, 34 (104 SE2d 649). As an excise tax, it is imposed upon the performance of an act, the engagement in an occupation, the enjoyment of a privilege. *Head v. Cigarette Sales Co.*, 188 Ga. 452, 457 (4 SE2d 203). In other words it is a transaction tax.

The transaction involved, by statutory definition, is the lease contract. The contract lists most of the services which Grantham will perform, such as selecting drivers, carrying insurance, paying penalties, making repairs, etc., and then says: "14. Any

provision in the foregoing contract notwithstanding, carrier shall have exclusive possession, control and use of the motor vehicle involved." Under the statute, the lessor who has so contracted is liable. There has been no novation of the contract, for the parties contemplated the performing of these services by Grantham in the first instance, and Grantham's primary defense is that it is not liable for the tax because its contract is for the furnishing of services as to which the making available of the vans was merely incidental. The affidavits nowhere state that Grantham has *exclusive* control (which it must have to escape tax liability) but only that Grantham "maintained continuous supervision" and that "the care, custody and control of the equipment is vested in Grantham . . . subject only to the requirements of the Interstate Commerce Commission." Ultimate control was reserved to the carriers under the lease agreement. That same lease agreement listed the services to be performed by Grantham upon which Grantham now relies to show that the carriers did not have control.

Grantham should collect the sales tax from the carriers and remit to the Revenue Commissioner. I consider it inequitable to allow the carriers to assert, for tax purposes, that they do not have control of the vans when the leases under which their rights and liabilities accrue reserve such control to them. Whether they choose to exercise it in fact or not is beside the point. So long as the provision is in the leases they *may* exercise it. It seems unduly generous to say that the carriers may *reserve* control in their leases, so as to meet Interstate Commerce Commission requirements, and then *fail to exercise control* and thereby relieve Grantham of the duty to collect and remit the sales tax.